### JAMES MATKINS V. THE STATE.

*No. 972.    Decided November 28.*

**1. New Trial—Disqualification of Grand Juror.**—The disqualification of a grand juror does not constitute a ground for new trial. The qualifications of a grand juror can only be reached by challenge.

**2. Same—Newly Discovered Evidence—Impeaching Testimony.**—Newly discovered impeaching testimony affords no ground for a new trial.

**3. Evidence—Antecedents of Defendant's Witnesses.**—On a trial for murder, it is clearly admissible to prove that two of defendant's witnesses had been indicted for the same murder, though their prosecutions had been dismissed.

**4. Charge—Accomplice Testimony.**—The court is not required to charge on accomplice testimony unless the State elicits from the witnesses facts inculpatory of the defendant.

**5. Same—Limiting Evidence.**—Where, on a trial for murder, it was proved that two of defendant's witnesses had been indicted for the same murder, which fact was proved only as affecting their credibility, *Held*, that the court is not required to limit and restrict such evidence in the charge, there being no possibility of convicting the witnesses on this trial, and no possibility of convicting defendant of any offense other than that charged under the indictment, to which their testimony alone had reference.

**6. Charge—Manslaughter.**—Where the facts upon a murder trial do not suggest the issue of manslaughter, the court should not charge upon that grade of crime.

**7. Practice on Appeal—Conflicts in Evidence.**—On appeal, the court will not reverse solely on account of conflicts in the evidence.

APPEAL from the District Court of Waller. Tried below before Hon. T. S. REESE.

Appellant was indicted for the murder of John Dees, in Waller County, on the 27th day of June, 1894, by shooting him with a gun. The trial resulted in his conviction of murder of the second degree, his punishment being assessed at a term of five years in the penitentiary.

The testimony in brief shows, that defendant and deceased, John Dees, were cultivating tracts of land which were separated from each other by a lane. It seems that Dees' hogs had been getting into Matkins' field, and that Matkins had complained to him several times about it. On the morning of the 27th of June, Dees was plowing in

his field. The State's witnesses testified, that the defendant, his brother Will Matkins, and Jim Kilgore and Joe Chesher were all seen talking together in John Dees' field; that defendant came up to the end of the row in which Dees was plowing, and when Dees got up within range fired upon him twice with a double-barrel shotgun, and killed him; that after the killing they went over to defendant's field, and all the parties ran off together. They further testified positively, that no words were spoken betwen the parties before the shooting, and that but two shots were fired, and that they were from defendant's shotgun. On the other hand, defendant's witnesses testified, that defendant went over to where Dees was plowing and said something to him, but they could not hear what it was, but saw him pointing towards the hogs; that Dees immediately drew a pistol, and four shots were fired—two from the pistol and two from the shotgun—and that the first shot was fired by deceased from his pistol. The State's witnesses testified, that deceased had no pistol, and that he was in his shirtsleeves. The principal witnesses for the defendant were Will Matkins, Jim Kilgore, and the defendant in person. It was proved by Will Matkins and Jim Kilgore, on cross-examination, that they had been indicted for this same murder; and one of the grounds for supposed error urged on the appeal was, that the court in its charge did not limit and restrict this evidence to the purposes for which it could only be considered by the jury. The charge was also objected to because it failed to instruct the jury as to the issue of manslaughter.

In the motion for new trial the indictment was attacked because one of the grand jurors who found the bill was not qualified to act as a grand juror. Another ground of the motion for new trial was the newly discovered testimony of a witness, who would contradict and impeach the testimony of one of the State's witnesses.

*A. J. & J. D. Harvey* and *H. M. Browne*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. A motion for new trial based upon the disqualification of one of the grand jurors was properly overruled. This does not constitute cause for a new trial. The qualifications of a grand juror can be reached only by challenge, and in no other way. Willson's Crim. Proc., secs. 1901, 1902, 1906.

2. Impeaching testimony is not such newly discovered evidence as authorizes the granting of a new trial. The court did not err in refusing the new trial on this ground. Willson's Crim. Proc., sec. 2544.

3. Two of the defendant's witnesses had been indicted for the same murder of which appellant was on trial in this case, their prosecutions having been dismissed. These facts were proved. No objections were

urged to its introduction, nor was any motion made to withdraw it from the consideration of the jury. Neither point would have been well taken. The testimony was clearly admissible.

4. It is urged the court should have properly charged the jury in regard to such testimony. What charge should have been given is left largely to inference. The question should have been clearly stated, so that this court could have fully understood the point intended to be raised. The State did not elicit from the witnesses facts inculpatory of appellant, hence a charge on accomplice testimony was not required. The fact that they had been indicted for the same murder as appellant was introduced evidently for the purpose of affecting their credibility. Recent decisions of this court have held, that when the defendant takes the stand as a witness in his own behalf, and the State proves other indictments or prior convictions against him, the court must instruct the jury as to the object and purpose of such evidence, and a failure to do so will be reversible error. The reason for this ruling is given in those opinions, and it is unnecessary here to repeat it. There was no possibility of convicting the witnesses alluded to in this case for any offense, hence the rule laid down as to defendants in the cited cases does not apply. Nor was it possible to convict appellant of any offense, under this indictment, other than some grade of the homicide charged in said indictment, and their testimony had reference only to this case.

5. The charge of the court is correct, and fairly presents the law of the case. The facts do not suggest the issue of manslaughter, hence it should not have been charged upon by the court.

Under the State's evidence appellant was, at the least, guilty of murder in the second degree, and the jury so found. If his witnesses testified truthfully, the issue of self-defense was perhaps suggested. However, the issues were properly charged, and the conflicts in the testimony settled by the verdict.

We see no reason for disturbing the verdict, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.