Tom Caddell v. The State.

No. 3030.    Decided October 31, 1906.

**1.—Arson—Continuance—Alibi.**

Where upon trial for arson, the testimony of the absent witnesses as set out in defendant's motion for continuance would not have established an alibi as he claimed, there was no error in overruling same; besides the same facts could have been shown by a witness in attendance who was not placed upon the stand.

**2.—Same—Want of Consent—Definition of Crime.**

Upon a trial of arson, it was not necessary to prove want of consent of the owner of the building to the burning; as this was not an ingredient of the crime.

**3.—Same—House—Gin—Statutes Construed.**

Where upon a trial for arson the evidence showed that the house burned was a gin set up on posts, and the lower part was used for the engine and the upper part was enclosed with walls with an opening, out of which cotton bales were rolled, and which had no doors, the same constituted a house within the contemplation of article 757, Penal Code.

Appeal from the District Court of Henderson.    Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of arson; penalty, seven years imprisonment in the penitentiary.

The evidence showed the burning of the gin in the early part of the night; that the burning indicated arson; that but very little fire was left in the furnace and not exposed; that defendant was seen near the gin a few minutes before the fire occurred; that he was on horse back and had been seen going to and coming from the gin; that horse tracks going and coming from defendant's house to the gin were discovered the next morning that corresponded exactly with the tracks of defendant's saddle horse, which bore evidence of having been ridden on the night of the burning of the house; that defendant had been seen with a bottle of whisky and a cork screw on the night of the fire close to the gin, and that a bottle and cork screw corresponding to this had been found at the place of the fire; that the same horse tracks had been found near the gin posts and appeared to have been recently made.    Other circumstances tending to show defendant's connection with the crime were in evidence.    That the lower part of the gin had no walls and consisted of posts set up on the ground; that the upper part of the gin was enclosed with walls of oak lumber, and the top covered over with boards and floored with lumber; that there was an opening of eight feet left in the back end of the upper part of the gin for rolling out cotton bales.

*John S. Prince,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of arson, seven years in the penitentiary being fixed as his punishment.

He filed a motion for continuance for want of the testimony of Knox, by whom he expected to prove an alibi. However, this is contested, and showing made the witness would not swear to the facts set up in the application. Furthermore, there is no definite time stated by the witness at which he saw appellant in Athens, near where the arson was committed. The testimony of the witness would not have established an alibi, if he had been present and testified as alleged; and therefore his testimony was immaterial. For the same reason the testimony of the witness Sanckler is not material. Besides, the witness Lewis, who knew the same facts and was in attendance upon the court at the time of the trial, was not placed upon the stand.

Appellant further insists that the evidence fails to establish the want of consent of the owner of the building to the burning. The want of consent is not an ingredient of the crime of arson, as in theft and burglary. The crime is completed when there is proof of an intentional and wilful burning.

Appellant strongly insists that the building burned was not a house within the meaning of the law, because the posts upon which it rested were not enclosed. The house burned was a gin. The gin was set up on posts, and the lower part was used for the engine, and the upper part, which was entirely enclosed with walls, was used for the gin house proper. There was an opening of eight feet on one end of the gin room, out of which the bales of cotton were rolled. This had no doors whereby the opening could be closed. This none the less constitutes a house within the contemplation of the statute. Article 757, Penal Code, defines a house, as follows: "A house is a building, edifice or structure, enclosed with walls and covered, whatever may be the materials used for building."

The evidence clearly establishes the guilt of appellant. No error appearing in the record, the judgment is affirmed.

*Affirmed.*