## SILAS HARROLSON v. THE STATE.

### No. 4138. Decided October 28, 1908.

**1.—Theft of Hog—Charge of Court—Reasonable Doubt—Defendant's Explanation.**

Where upon trial for theft of a hog the defendant claimed the hog as his own, and the court charged that if the defendant believed at the time he took the hog that it belonged to him, or that it in fact belonged to him to acquit the defendant, and in this connection charged the jury if they had a reasonable doubt of his guilt to acquit him, the same applied to defendant's explanation of possession; the court having also charged reasonable doubt in other portions of the charge.

**2.—Same—Newly Discovered Testimony—Cumulative.**

Where upon motion for a new trial after conviction of theft the alleged newly discovered testimony was only impeaching and merely cumulative, there was no error in overruling the motion.

**3.—Same—Impeaching Testimony—Evidence.**

Where upon appeal from a conviction of theft of a hog, the appellant complained of the court's refusal to permit him to show that a disagreement among the jurors grew out of a certain witness's testimony, which tended to incriminate appellant and which testimony was upon request of the jury reproduced and this objection could only be material in connection with certain newly discovered testimony set out in appellant's motion for new trial, and said newly discovered testimony was simply impeaching in its character, there was no error in the ruling of the court.

Appeal from the District Court of Shelby. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bryarly, Carter & Walker,* for appellant.—On question of reasonable doubt: McKinney v. State, 41 Texas Crim. Rep., 434; 55 S. W. Rep., 175.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a hog theft conviction. In a general way and substantially, the evidence discloses that Daw, the alleged owner, lost some hogs, one of which was subsequently discovered in the possession of appellant with marks changed. Appellant claimed the hog as one that he had raised. Daw and another witness testified that appellant subsequently, in substance, admitted that he believed it was Daw's hog. This may be a sufficient statement of the case for the State, though the facts are rather voluminous. Appellant claimed the hog as his own property, and further that when he found the hog and put it in his pen somebody had changed it from his mark into Daw's mark, and that he, appellant, changed the mark back to his own. His statement is corroborated by the

testimony of other witnesses. The theory of the State was that appellant had stolen the hog and changed the mark and placed the hog in his horse-lot. Appellant's theory was that Daw had changed the mark and he, appellant, had discovered that fact and Daw instituted the prosecution to protect himself. This is about the substance of appellant's theory of the case. The court charged the jury, after giving the general definition of theft, as follows: "If the defendant took the hog in question, but at the time he took it, the hog belonged to him, or if he believed that the hog belonged to him, then he is not guilty of theft, and you will acquit him, or if you have a reasonable doubt of his guilt, you will acquit him." Exception was reserved to this charge because the reasonable doubt, it is contended, referred to the whole case and not specifically to the particular question of appellant's account of possession of the hog. Usually a charge on reasonable doubt applying to the whole case is sufficient, where this does not interfere with the exception to the rule which calls for the application of reasonable doubt to specific matters, such as the degrees in homicide. We believe this charge does sufficiently apply the law of reasonable doubt to the identical issue in the connection in which it is given. A general instruction on reasonable doubt was given in another portion of the charge. We are of opinion there is no error at this point.

Appellant filed a motion for new trial, among other things setting up newly discovered testimony much of which is only impeaching in its nature and directed mainly to one witness in the case, to wit: Frazier. By these witnesses it was proposed to prove that Frazier's reputation for truth and veracity was bad. A motion for new trial will not be granted for this character of testimony under the authorities in this State. By the witness Smith it was proposed to show, as newly discovered evidence, that he, Smith, knew the hog in question and knew it to belong to appellant. The affidavit of Smith states the fact why he knew it, etc. He further swears he did not communicate the knowledge of these facts to appellant or his attorneys until after the conviction. This may be disposed of by the statement that it is only cumulative and is strikingly similar to the testimony introduced by the appellant on the trial. Upon this ground, under the authorities, the motion will not be granted. A new trial will not be granted for testimony which is merely cumulative. Evidence is cumulative which only multiplies witnesses as to one or more facts already investigated, or only adds other circumstances of the same general character. For citation of authorities see White's Annotated Code of Criminal Procedure, sec. 1149, subdivision 6.

Appellant reserved a bill of exceptions to the refusal of the court to permit him to prove by the juror Crawford that while in their retirement the jury had not agreed—some of them remarking they

would not convict unless they understood the testimony of the witness Frazier as to the incriminating facts about which he testified. The jury was brought into court and Frazier's testimony in its entirety, as taken down by the stenographer, was read to the jury. That they retired and shortly afterwards brought in a verdict of guilty.

The court refused to hear the testimony of Crawford, and a bill of exceptions was reserved. We are unable to see what effect this would have had on motion for new trial. It is provided by law that where the jury disagrees as to facts, they may be brought into court upon their request and have the testimony about which they disagree reproduced or again detailed. The bill raises no objection to the fact the jury was brought in and Frazier's testimony read to them. The objection seems to go to a rejection of the facts offered to show that the disagreement grew out of Frazier's testimony which tended to incriminate appellant. This, perhaps, may have been intended to have a bearing upon the alleged newly discovered impeaching testimony. If this is not the reason for it, we do not understand why the testimony of the juror was offered. The bill does not state the reason for it, or the objection or purpose to be attained. If the newly discovered impeaching evidence is not cause for a new trial, then the rejection of the testimony of Crawford would not be error.

As the case is presented, we find no reversible error. Therefore, the judgment ought to be affirmed and it is accordingly so ordered.

*Affirmed.*

Ramsey, Judge, absent.

[Motion for rehearing denied.—Reporter.]