## WILL COLE V. THE STATE.

### No. 3068. Decided April 8, 1914.

**1.—Murder—Witness Under Rule—Discretion of Court—Officer.**

Where the bill of exceptions stated no fact tending to show that the court abused his discretion in allowing an officer of the court to call the witnesses for State's counsel and be present when State's counsel was talking with them under instructions of the court, and the officer was thereupon called on to testify as to what he saw at the scene of the homicide, there was no error. Following McMillan v. State, 7 Texas Crim. App., 142, and other cases.

**2.—Same—Evidence—Competency of Witness.**

Where, upon trial of murder, it appeared from the record on appeal that the State's witness who was ten years old at the time she testified; that she had sufficient intellect to intelligently give her testimony and to relate the transaction as she saw it, there was no error. Following Williams v. State, 12 Texas Crim. App., 127, and other cases.

**3.—Same—Manslaughter—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence did not raise the issue of manslaughter, but the court, nevertheless, instructed thereon, and the evidence was otherwise sufficient to sustain a conviction of murder under a proper charge of the court, there was no reversible error.

**4.—Same—Newly Discovered Evidence.**

Where the alleged newly-discovered evidence would only tend to impeach certain witnesses, there was no error in overruling same.

**5.—Same—Evidence—Material Issue.**

Where the testimony of certain State's witnesses was upon a material issue in the case, the fact that one of them talked with the district attorney would not invalidate the same, and there was no error in refusing to strike out the testimony.

**6.—Same—Reforming Judgment—Sentence—Indeterminate Sentence Law.**

Under the indeterminate sentence law, the judgment and sentence of the lower court should have been that defendant be confined in the penitentiary for a period of time, not less than five nor more than seventeen years, and it is so reformed in this court.

Appeal from the District Court of Milam. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of murder; penalty, seventeen years imprisonment in the penitentiary.

The opinion states the case.

*Lyles & Lyles,* for appellant.—On question of witnesses under rule: Heath v. State, 7 Texas Crim. App., 464; Welhousen v. State, 30 id., 623; Smith v. State, 51 Texas Crim. Rep., 427, 105 S. W. Rep., 501.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder, and his punishment assessed at seventeen years confinement in the penitentiary.

Appellant shows that when the case was called for trial the district attorney asked leave of the court to talk with the witnesses, which was by the court granted. When the district attorney started to ·do so, appellant insisted that the witnesses be sworn and placed under the rule, and they instructed not to talk to each other in regard to the case, and not to talk to anyone in regard to the case other than the attorneys engaged in the trial of the case. The court called the witnesses in and complied with this request of the defendant's attorney, and further instructed them not to talk with the attorneys about the case unless in the presence of an officer, and sent the witnesses out under the rule in charge of .an officer. Dan Todd is constable of precinct No. 3 in Milam County, the precinct in which the offense is alleged to have occurred, and was the first officer to arrive at the scene of the homicide, and was the officer who made the arrest. The district attorney used him to call the witnesses he desired to talk with, and talked with the witnesses in the presence of this officer of Milam County. Appellant objected to the district attorney being permitted to talk with the witnesses in the presence of Constable Todd, he being also a witness in the case. This is ·a matter within the sound discretion of the court, and the bills state no facts tending to show that the court abused his discretion in allowing this officer to call the witnesses for the State's counsel, and be present when the State's counsel was talking with them, one at a time, as the court had instructed the witnesses not to talk even with counsel about the case except in the presence of an officer. The mere fact that an officer in the discharge of his duties goes to the scene of a homicide and makes an arrest, and is called on to testify to what he there saw, to detail the facts as it appeared to him, would not prevent the court placing such an officer in charge of the witnesses placed under rule, nor would it be error to permit the district attorney to talk with the witnesses, one at a time, in the presence of this officer. These are matters in the discretion of the trial judge, and some injury, some abuse of discretion in the premises must be shown, otherwise such matters present nothing for review. McMillan v. State, 7 Texas Crim. App., 142; Williams v. State, 37 Texas Crim. Rep., 147; Brite v. State, 43 S. W. Rep., 342.

In another bill it is insisted that the court erred in permitting the witness Lethia Adams, a girl ten years old, to testify. Her testimony in this record discloses that she has sufficient intellect to intelligently give her testimony, and to relate the transaction as she saw it. From her evidence it also appears that she knew that punishment awaited her if she swore falsely, and that she could be incarcerated in prison. Williams v. State, 12 Texas Crim. App., 127; Oxsheer v. State, 38 Texas Crim. Rep., 499, and cases cited in secs. 951 and 952, White's Ann. Code of Criminal Procedure.

While the court submitted manslaughter, we do not think the evidence raises that issue. The evidence for defendant would show that a wordy altercation occurred when deceased started at him with a drawn hatchet, when he fled into the house, secured his gun, stepped out of the house, when deceased again started towards him with his hatchet, when he fired, and deceased turned and ran. If this is true this would be self-defense, and is submitted in a way not complained of by appellant. The State's case is that deceased started to his work, when words ensued; appellant picked up a singletree, when deceased picked up a stick; appellant then ran in the house after his gun, when deceased fled from the scene; that after getting his gun, appellant pursued deceased some seventy-five yards, shooting him while deceased was trying to get away. Consequently, the evidence amply supports the verdict finding appellant guilty of murder.

The alleged newly discovered evidence would only tend to impeach the witness Maggie Smith, and presents no good ground for a new trial. Barber v. State, 35 Texas Crim. Rep.; 70; Franklin v. State, 34 Texas Crim. Rep., 203; Watkins v. State, 33 Texas Crim. Rep., 605; sec. 1149, White's Ann. Proc.

There was no error in refusing to strike out the testimony of Mattie Smith and Janie Jones. Their evidence was upon a material issue ·in the case, and the fact that Constable Todd was present, if he was, when the district attorney talked with each of them, would not render their testimony inadmissible.

Under the indeterminate sentence law the sentence should have been that defendant be confined in the penitentiary for a period of time not less than five years nor more than seventeen years, and the sentence is here ·corrected and reformed in such respect, and sentence will be so amended, and judgment entered accordingly.

The judgment is affirmed.

*Affirmed.*