BILL THOMAS V. THE STATE.

No. 16213. Delivered October 11, 1933.
Reported in 63 S. W. (2d) 705.

438

The opinion states the case.

*Coleman Cline* and *B. T. Johnson*, both of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 99 years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Ethel Cass by shooting her with a pistol.

It appears from the testimony of the state that deceased, who had separated from her husband, was keeping company with appellant, she and appellant having gone together for four or five years. One of the witnesses for the state testified that prior to the homicide appellant and deceased had had some trouble. On the occasion of the homicide, according to the version of the state, appellant sought deceased and shot her twice with a pistol.

Appellant denied that he killed deceased, saying that he was not present when the homicide occurred. His statement touching his whereabouts was corroborated by the testimony of several witnesses.

Bill of exception No. 1 relates to the action of the trial court in permitting deceased's eight year old daughter to testify in behalf of the state. It appears from the bill that the trial court examined the witness and found that she possessed sufficient intellect to relate the transactions with respect to which she was interrogated. The bill shows the child understood the obligation of an oath. Upon being interrogated by the court, she testified that she was in the second grade, and, further, that she knew what it meant to hold up her hand and be sworn to tell the truth. Her reply to the court was that persons who failed to tell the truth after taking the oath were punished by placing

them in jail. The testimony of the witness was intelligently given. It is the rule that when the witness is over four years and under fourteen years of age, the competency of such witness is determinable by an examination, and that the action of the trial court thereon will not be revised on appeal in the absence of a showing that the discretion of the court was abused, and unless an abuse of such discretion is apparent. Branch's Annotated Penal Code, sec. 1771; Cole v. State, 165 S. W., 929; Moore v. State, 96 S. W., 327. The opinion is expressed that no abuse of discretion is shown.

In the motion for new trial it was alleged that new evidence had been discovered. The witness claimed to be newly discovered would testify that at the time of the homicide she saw one of the state's eye witnesses at a place other than the scene of the killing. It appears that two trials of this cause had been had and that the new witness had heard the testimony on both trials. Notwithstanding that in the testimony she gave on the motion for new trial, the witness said that she had discussed the case with appellant's counsel before the last trial, appellant's counsel do not appear to have shown by either their affidavit or oral testimony that the testimony the witness would give had not come to their knowledge prior to the trial. Nor is there any showing in the record that such testimony had not come to the knowledge of appellant prior to the present trial. The witness said: "I don't remember when this case was tried the last time, I wasn't here the last time, I was here the first and second time it was tried. It was after the case was tried the second time that I discussed this case with you." (Appellant's attorneys). On her direct-examination by appellant's counsel the witness testified that she had told appellant's lawyers about the matter about three months prior to the time of the hearing on the motion for new trial. The trial was had on the 7th of February, 1933, and the hearing on the motion for new trial occurred March 31, 1933. Hence, according to the testimony of the witness herself, prior to the time of the present trial, she had apprised appellant's attorneys of the testimony she would give. It appearing that the claimed newly discovered evidence was known to appellant's counsel before the trial, the trial court was warranted in refusing a new trial. Branch's Annotated Penal Code, sec. 198.

It is the rule that newly discovered testimony which would not be admissible as original evidence, but which could only be used to discredit or impeach the testimony of a witness who has testified on the trial of the case, is not ordinarily ground for a

new trial. Branch's Annotated Penal Code, sec. 202; Harrolson v. State, 113 S. W., 544. Attention is called to the rule last stated, with the suggestion that the testimony claimed to be newly discovered appears to be impeaching in character. Having decided, however, that such testimony was not newly discovered, it is unnecessary to determine whether the rule governing impeaching testimony is applicable.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.