FRANK E. NELSON V. THE STATE.

No. 16030. Delivered November 8, 1933.
Rehearing Denied December 20, 1933.
Reported in 66 S. W. (2d) 312.

The opinion states the case.

*Marvin H. Brown, Jr.,* and *M. Hendricks Brown,* both of Fort Worth, for appellant.

*Jesse E. Martin,* Crim. Dist. Atty., *H. C. Wade,* and *Cal Estill,* Asst. Crim. Dist. Atty., all of Fort Worth, and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

KRUEGER, JUDGE.——The appellant was tried and convicted in the District Court of Tarrant County of the offense of arson,

and his punishment assessed at two years confinement in the state penitentiary.

The facts as disclosed by the record are in substance as follows: The appellant owned a lot on Hemphill Street in the city of Fort Worth which he traded for a house and lot at 2244 Mistletoe Avenue. The facts further shows that there was an indebtedness against the premises on Mistletoe Avenue of $3500.00. Prior to the time that the appellant made this exchange or trade he consulted one R. H. Nisley, an attorney, and had him pass upon the title to said property; that the appellant and Nisley went to 2244 Mistletoe Avenue to inspect the house situated thereon. The attorney asked the appellant how he could pay the $3500.00 and appellant replied that he wasn't able to answer that question other than that he would manage that all right. Appellant said he had $8000.00 worth of insurance on this property. The witness told him he better not set it on fire as the district attorney had a man who did nothing else but investigate fires and that if he did he would go to the penitentiary, to which the appellant replied, "Of course, I wouldn't do that." The facts further show that on the afternoon prior to the night the house on 2244 Mistletoe Avenue was destroyed by fire, the appellant came to the home of Don Voltz about 6 o'clock and Voltz went with him out to appellant's garage on Hemphill Street where the appellant got his Ford and put a barrel in the Ford and put some gasoline in the barrel, and the barrel full of gasoline was carried to said house on 2244 Mistletoe Avenue in the city of Fort Worth where they emptied the gasoline into a wooden barrel or cistern that had previously been taken by the appellant and placed in the kitchen of said house. They put into this wooden barrel or cistern approximately 40 or 50 gallons of gasoline. The evidence further shows that about 12 o'clock that night or soon thereafter an explosion occurred in said house which wrecked the house and caused the fire to consume the same. The appellant was at the house and claimed that the explosion threw him out of the second story building upon the lawn of adjoining property. The appellant's hands and face were burned and his hair was scorched. He had on a shirt and shoes but no pants. The evidence further shows that he purchased this gasoline from one Jack Mahler on or about the 27th day of October and the said Mahler sold and delivered to him 50 gallons of gasoline at 11 cents per gallon. That he drove away with the gasoline and the fire occurred that night after 12 o'clock, which would make it on the 28th of October. The testimony further discloses that $5500.00 of the insurance carried against said property was

transferred to the appellant. The state further proved by Don Voltz, who was an accomplice, that the appellant spoke to him two or three times about the amount of insurance he had on the place and the witness told him if he burned it he would wind up in jail, whereupon the appellant laughed and said, "Leave it to me." The witness further testified, "He told me he would bet me $5.00 he didn't get in jail." The witness further testified: "I went with the appellant to the Texas Cooperage Company to get the barrel and when we got the barrel we put it in the kitchen." This was the barrel in which the gasoline was placed by the appellant and said witness.

By bill of exception No. 1 the appellant complains of the refusal of the court to give his requested special charge No. 1 directing the jury to return a verdict of not guilty. We do not believe there is any merit in this contention.

By bill of exception No. 9 the appellant complains of the refusal of the trial court to give his special charge No. 4, which reads as follows: "You are charged in this cause that if the said house was destroyed by an explosion of gasoline or other explosive matter, and if there were no enclosed walls standing covered by a roof immediately after the explosion, then the fact that the destroyed remains of the house were consumed by fire would not constitute arson as charged in this indictment." We do not believe that the court committed any error in refusing to submit said charge inasmuch as article 1309 of the Penal Code of Texas, 1925, reads as follows: "The explosion of a house by means of gunpowder or other explosive matter comes within the meaning of arson."

The appellant next complains of the action of the trial court in refusing to give his requested instructions Nos. 2 and 5 on the law of accomplice testimony. The court in his main charge adequately instructed the jury on the law of accomplice testimony. The failure of the court in his main charge to submit to the jury for its determination the question as to whether R. Nisley was an accomplice was not error because there was no testimony which raised such an issue.

The appellant next complains of the action of the court in permitting the state to prove by Miss Wood that she was a secretary for the George Jewell Insurance Company and that she knew what a transfer of an insurance policy was and that she transferred a policy of insurance to the appellant. The bill of exception fails to disclose whether the transfer was in writing or verbal followed by actual delivery of the policy. The Court of Civil Appeals held in the case of Nixon v. Malone, 95 S. W.,

577, that a transfer of insurance policy by actual delivery was sufficient without a written assignment.

By bill of exception the appellant complains of the action of the court in permitting the state to prove by a Mr. Taylor that his company carried a policy of $5500.00 on the premises and that it was transferred to appellant on the 26th day of October. The state had theretofore without objection on the part of the appellant proved by Mr. Nisley and Don Voltz that appellant told them that there was $8000.00 insurance on the property. Therefore, the court committed no error in overruling the appellant's objections. What we have just said with reference to the testimony of Mr. Taylor also disposes of the objection urged to the testimony of Mr. Worrell.

Appellant also complains of the action of the court in permitting the state to introduce as evidence a picture of the burned premises. The witness who owned and lived in the adjoining house identified the picture as being a fair likeness of the condition of the burned house and the surrounding premises. We do not deem appellant's objections well taken and the court's action in overruling the same was not error.

Appellant's bills of exception Nos. 8, 9, 10, 11, and 12 are without merit.

By bill of exception No. 13 the appellant complains of the action of the court in refusing to set aside the verdict and judgment and grant him a new trial upon newly discovered evidence. The state took issue with the appellant as to the newly discovered evidence and the court heard and considered facts and found same against the appellant. However, if the newly discovered evidence consisted of the matters as disclosed by the bill of exception it would merely tend to impeach the testimony of the witnesses Nisley and Voltz. It was held by this court in Burton v. State, 9 Texas App., 605, that a new trial should not be granted on the ground of newly discovered evidence which would simply impeach a witness. In the case of Williams v. State, 44 Texas Crim. Rep., 115, this court, speaking through Judge Davidson, said: "There are also affidavits setting up newly discovered evidence, but in the main this is of an unimportant and impeaching character." In the case of Harrolson v. State, 54 Texas Crim. Rep., 452, this court, held, in substance, that, if newly discovered testimony was impeaching in its character, there was no error in the ruling of the court in overruling the motion for new trial. Numerous other authorities could be cited in support of the proposition; however, we do not believe that it is necessary or would serve any useful purpose.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing shows care and examination of the authorities. It is again urged that on the authority of Landers v. State, 39 Texas Crim. Rep., 671, we should hold that reversible error was committed in the refusal of appellant's special charge No. 4, in effect, as stated in our original opinion, that if the house in question was destroyed by an explosion of gasoline or other explosive matter, and there were no enclosed walls standing covered by a roof immediately after the explosion, then the fact that the destroyed remains of the house were consumed by fire would not constitute arson as charged in this indictment, * * * regardless of who caused the explosion. We think appellant misapprehends both the Landers case, supra, and that of Mulligan v. State, 25 Texas App., 199, also cited. In the Landers case there was an explosion supposedly of dynamite, and all the witnesses save one said that what fire they saw was of splintered parts of walls and roof, none of which seemed to be connected with the standing parts of the building. The accused asked the following special charge, which was refused: "The explosion of a house by means of an explosive matter does not come within the definition of arson, unless it results in setting the house on fire." This court held that the charge should have been given, and said: "The charge requested directly instructed the jury that such burning would not be arson, but the fire must be communicated to the house, *or that portion thereof remaining.*"

We think the charge requested in the instant case on the weight of evidence and not applicable to the facts. There was no question, as we read this record, but that the fire was set to the remains of the house by the explosion, in the instant case. Nor was there any question but that the explosion resulted in setting the house or the remains thereof on fire. Dr. Grogan, living across the street from the burned house, testified that he was waked by the explosion and looked out at once. He said: "As to whether or not the house was completely leveled down when I looked out, will state it was not, it wasn't leveled down. The frame portion of it, that is, a great deal of it, was still

standing, and some of the rafters and maybe a portion of the roof. The house was largely destroyed by the explosion, but the whole thing was on fire all over. The house wasn't all down when I looked out." In Mulligan's case, supra, a log crib built by a tenant, for which the landlord refused to pay, was then torn down by the tenant, and after being so torn down the log pile was set on fire, and this court held it not to be the burning of a house.

Appellant bought the house, with whose burning he is charged, on October 24, 1932. The burning was charged to have taken place October 28, 1932. Conversations had by appellant with witnesses Nisley and Voltz about the time of or shortly after he bought this property, showed that he said to each of them, or in their hearing, that "He had $8000.00 insurance on the property." Nisley testified that he was sure appellant had the title to the property at the time he made this statement. The state also showed by Mr. Worrell that he attended to the business end of the transfer of the property in question to appellant, and that at the time appellant bought it there was $8000.00 insurance on the property. In such case we see no possible injury to the accused, or trespass upon his rights, to show that two policies of insurance on the property, one for $5500.00 and the other for $2500.00, were transferred to appellant before the fire. Mr. Taylor testified that he transferred the $2500.00 policy to appellant, and Miss Wood testified that she transferred the $5500.00 policy to him. Mr. Taylor said the transfer made by him was October 26th. The exact date of transfer by Miss Wood does not appear.

This is not a case in which the accused was charged by indictment with the burning of property upon which there was insurance, which is specifically made an offense by statute. Most, if not all, of the cases cited by appellant in his motion for rehearing holding it necessary to produce the policies for the purpose of showing the insurance, are cases in which the accused was on trial for burning property which was insured. In the case before us the matter of insurance was referable only to the purpose of showing motive or inducement, and it appearing from the testimony, as we have set out above, that appellant himself claimed to have $8000.00 insurance on the property, and the state having proved by Mr. Worrell that there was $8000.00 insurance on said property, we see no possible objection to the proof made by Miss Wood and Mr. Taylor of the transfers of such insurance policies to appellant. In neither bill of exceptions was the ground urged that the transfer was in writing, and that the writing would be the best evidence.

There is not even a suggestion in the record as to who was the owner or legal holder or beneficiary of said policies before their transfer. In the case of Nixon v. Malone, cited by us in our original opinion, it was held that the legal holder or owner of an insurance policy might transfer it by delivery. We do not think the bills of exception complaining of the reception of the testimony of Mr. Taylor and Miss Wood or either show any reversible error.

We have reviewed the argument of the prosecuting attorney which is discussed in the motion for rehearing, and do not think the matters dehors the record, as claimed by appellant, could be of any possible injury or such as to cause a reversal of the case. Nor do we believe error was committed in the refusal of appellant's application for continuance.

Not being able to agree with any of the contentions made, the motion for rehearing will be overruled.

*Overruled.*