## R. D. FANNIN V. THE STATE

No. 16788.   Delivered June 6, 1934.
Rehearing Granted March 13, 1935.

The opinion states the case.

*C. E. Florence* and *W. W. Sanders,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is attempted arson; the punishment, confinement in the penitentiary for two years.

The State's testimony was, in substance, as follows: Officers observed appellant place a paper sack behind the billboard in the lobby of the Liberty Theater in Gladewater, Texas. Approaching appellant, they asked him what he threw behind the billboard, and appellant replied: "Oh, nothing." Securing the sack, the officers found that it had in it some dynamite caps and a lighted fuse connected with four sticks of dynamite. The sack was full of smoke. Appellant said the sack contained a "stink bomb." While the officers were arguing with him about the matter, the smoke began to come out of the sack. Appellant then said: "Mister, throw that away. It is going to blow us all to hell in just a minute." One of the officers threw the dynamite into the street. Sometime prior to appellant's apprehension, he had asked the properitor of the theater for work and had not been given a job.

Appellant did not testify.

The proof showed that there was a partition between the lobby and that part of the theater where pictures were shown. There were walls on each side of the lobby up to the sidewalk. The operating room was immediately over the lobby. A roof covered the entire building, including the lobby. The lobby opened on the sidewalk. It is appellant's contention that the proof fails to show that he placed the dynamite in a house. He calls attention to art. 1316 of the 1933 Cumulative Annual Part of Vernon's Annotated Penal Code of the State of Texas, which reads as follows: "Any person who wilfully attempts to set fire to or attempts to burn, or who shall aid or counsel in such attempt, or who shall attempt to procure the burning of buildings or property, such as are mentioned elsewhere in Chapter 1, Title 17 of the Penal Code of 1925, or any person

who shall place or distribute any inflammable, or explosive, or combustible material, or any substance of whatsoever kind or character, or any article or device in any building or property mentioned in said chapter 1, title 17 of the Penal Code of 1925, in an arrangement or in preparation with wilful intent to eventually set fire to or burn said building or property, or to cause said property or building to be burned, shall be guilty of an attempt to commit the offense of arson, and shall upon conviction be sentenced and confined in the penitentiary for not less than one year or more than seven years."

It is insisted that the placing of the dynamite in the lobby was not placing it in a house, as averred in the indictment under that part of the above statute relating to an attempt to burn by placing the material in the house. We are unable to agree with this contention. Under the circumstances reflected by the record, we think it is clear that the lobby was a part of the house within the contemplation of the statute defining attempted arson. Caddell v. State, 50 Texas Crim. Rep., 380.

Appellant further contends that the prosecution should fail because of the fact that there was no proof that dynamite will set fire to and burn a house. This contention is made in view of the fact that it is alleged in the indictment that it was appellant's intent to eventually set fire to and burn the house in which the dynamite was placed. We do not believe this contention can be sustained. In Nelson v. State, 66 S. W. (2d) 312, the appellant was charged with arson by burning. The offense was committed by exploding some gasoline in the house. It was sought to have the jury charged to acquit the appellant of arson in the event that they found the house had been destroyed by an explosion. In holding that the charge was properly refused, this court said: "We do not believe that the court committed any error in refusing to submit said charge, inasmuch as article 1309 of the Penal Code of Texas 1925, reads as follows: '* * * The explosion of a house by means of gunpowder or other explosive matter comes within the meaning of arson.' "

As shown in several bills of exception, appellant objected to testimony showing the location of the Liberty Theater. For example, there was proof, over his objection, that said theater was situated in the business district of Gladewater, and that it was near a flowing oil well. If this testimony was inadmissible, —and this is not conceded,—it is observed that the evidence of guilt is plain and that appellant received the minimum penalty.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a strong motion for rehearing, supported by oral argument, in which he stresses certain propositions hereinafter noticed. We quoted amended Art. 1316, P. C., in our former opinion, defining an attempt to commit arson. We direct special attention to that part of said article which says "The placing * * * of any * * * explosive * * * material, or any substance of whatsoever kind or character, or any article or device in any building * * * in an arrangement or in preparation with wilful intent to eventually set fire to or burn said building * * * shall constitute an attempt to commit the offense of arson." The indictment herein sets out that appellant placed in the lobby of a theater,—a house,—a lighted bomb containing four sticks of dynamite with a lighted fuse and a dynamite cap in said dynamite in an arrangement to explode said dynamite and eventually set fire to and burn said house.

We have searched this record in vain for specific evidence showing that appellant intended to set fire to and burn the Liberty Theater. No witness testified that the natural or reasonable effect of the explosion of the four sticks of dynamite in the lobby of said theater, would be to burn or set fire to said building, whose floor was concrete and the walls stucco. There is not a word in the record to show the presence in said lobby of inflammable curtains, draperies or other matter, nor any testimony as to what flame or amount of fire, if any, would or might result from the explosion of the dynamite contained in the paper sack which State witnesses say appellant threw or placed on the concrete floor of the lobby back of a billboard. We are not even told of what material the billboard was constructed, and are left wholly to conjecture,—without proof to guide,—as to whether the explosion of dynamite causes fire, a matter of which this court has no judicial knowledge.

We recognize that Art. 1309, P. C., says that the explosion of a house by means of gunpowder or other explosive matter, comes within the meaning of arson,—which is but another way

of saying that arson is the wilful burning of any house, etc., or the wilful explosion of any house, but by no interpretation could this be held to mean that the State could allege that a house was destroyed by explosion, and meet this allegation by proof that it merely burned; nor could the State charge that a house was burned, and prove no more than that it was exploded, without proving any resulting fire.

In Landers v. State, 39 Texas Crim. Rep., 671, an arson case, there was conflicting testimony as to whether fire was communicated to the house following an explosion. It was claimed that the house was fired by said explosion. The accused asked a special charge as follows: "The explosion of a house by means of an explosive matter does not come within the definition of 'arson,' unless it results in setting the house on fire." The refusal of this charge was held error by this court. Attention was called in the opinion to the fact that by the article, which is now Art. 1309, P. C., it was made arson to explode a house,—and this court said the indictment was not drawn under said statute.

Amended Art. 1316, supra, does not make the explosion of a house amount to an attempt at arson except,—as is expressly stated,—same is in an arrangement or preparation with intent to eventually wilfully set fire to or burn said building. In this case the State used three witnesses who united in saying that they were in a car with their lights on and followed the car in which appellant and his wife were, also with their lights on, about two o'clock in the morning,—to where the latter car turned up to the sidewalk in front of the Liberty Theater, and that appellant, in full glare of the lights of the officers' car, got out and threw or placed a rolled up paper bag,—in which was later found four sticks of dynamite, with fuse and cap,—upon the concrete floor of said theater lobby, behind a billboard. One officer seems to testify that he saw said fuse on fire, though the others say they did not, but all agree that there was smoke in the bag when it was opened. The bag was picked up by the officers and thrown out into a ditch, where it was examined and it was found that the fuse was out. There was no explosion. Appellant offered no testimony.

Admitting that appellant threw or placed said bag with its contents in the lobby of said theater, the serious question remains as to whether this was an arrangement or preparation to merely explode and wreck the building, or in preparation to destroy it by fire,—a question of fact upon which evidence

might shed light, and which should have been submitted to the jury as urged by appellant in his exceptions to the charge.

If we apprehend the facts, there was no testimony of the use of combustible material in the structure of said lobby save that it had a wooden door frame and a ticket booth. Neither this court nor the trial court could say as a matter of law that what appellant did was in an arrangement or preparation for the eventual firing of the building, which latter could only be a conclusion of fact drawn by a jury from the circumstances of the case.

Dynamite is not of such uncommon use as that witnesses could not be found whose conclusion, based on experience and observation, might shed light on the probable effect of the completed or supposed use intended by what appellant put in said building, but the fact that the proof shows positively that he did put it there, by no means establishes the purpose or intent in his mind necessary to make out the case. Evidence might easily conflict as to whether such explosion would be reasonably likely to set fire to such a place, and a solution of this and other fact questions are for the jury under appropriate charges.

For the reasons mentioned the motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*