### SAM GARNER v. THE STATE.

#### No. 3412.   Decided October 24, 1906.

#### 1.—Offer to Bribe Officer—Statutes Construed—Willfully—Corruptly.

In a prosecution under article 140, Penal Code, relating to bribing a sheriff for omission of duty, the terms *willfully and corruptly* are no part of the definition of the offense. The offer to bribe with intent to procure the officer to fail to discharge his duty is sufficient.

#### 2.—Same—Charge Refused—Criminal Intent.

On a trial for offering to bribe a sheriff, where the defendant introduced testimony that he simply talked with the sheriff, who had him under arrest, with reference to the cases against defendant, and requested him to intercede for defendant's clemency and aid him in procuring a legal disposition of said charges, and to get him off as light as possible, it was error to refuse a special charge on this phase of the case. Unless the defendant knowingly made the offer to bribe with the intent to induce the officer not to discharge his duty, he could not be legally convicted.

Appeal from the District Court of Camp. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of an offer to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an offer to bribe an officer, and his punishment assessed at confinement in the penitentiary for a term of two years; and prosecutes this appeal.

The indictment contains two counts; one for offering to bribe D. H. Carpenter, sheriff of Camp County, who held appellant as a prisoner, to permit him to escape from his custody. The other count charges that he offered said Carpenter a bribe not to report and have papers issued for him for having and carrying on and about his person a certain pistol. The conviction was general and can be applied to either count. The proof showed substantially that appellant (a negro about 21 years of age) lived in Smith County, and on the occasion of his arrest was working with a railroad gang on the Cotton Belt in Camp County. The sheriff and Guest on Saturday night went to the private residence of Lige Reed (a negro woman) and there saw appellant with other negroes, evidently engaged in shooting craps; and arrested appellant with the other negroes (some four or five in number). After the arrest appellant was discovered with a pistol. Witness Guest stated that he saw appellant shortly after they came in the room place the pistol at the foot of the bed. The testimony further shows that appellant told the sheriff Carpenter the next morning that he would give him $40 and his pistol to let him out of jail; that he spoke to him, as follows: "I'll owe the crap fine. That will pay my crap fine and leave you more than you will get out of it to hold me, and let me plead guilty to the pistol case." The sheriff told him not to talk to him that way, and appellant said, "Wouldn't nobody know it but you and me." The sheriff told him that he was going to report him for that business. The sheriff testified that appellant afterwards in the evening, told him the same thing. This conversation was on Sunday. It further transpired that appellant had no money except a dime; that a number of negroes of the railroad gang came up and offered to raise the money to get him out of jail. On Monday affidavits were made, one before the justice of the peace charging appellant with shooting craps, to which he pleaded guilty, and a fine of $10 was imposed, which with the costs amounted to $21, and that an affidavit was filed in the county court, and information presented thereon for the pistol case, and the trial was had in that court on Monday, and he was fined $100,—the fine and costs in both cases amounting to something over $140. Appellant was hired out for this to Jackson, who gave a convict bond for appellant. Appellant was subsequently indicted in this case. Appellant testified on this point, that he told the sheriff he would pay him $40 or $50 to let him out so that he could go back to work, and he could pay the crap fine,

and he told the sheriff the pistol was not his, and he would pay the interest on that. The sheriff said that he did not know what the pistol fine would be; that he told him he could take that and pay the crap fine, and do anything toward the pistol fine; that he told the sheriff he would get him up $40 or $50, and he could compromise the cases with the court for him; that he thought anything the sheriff would do with the court would be all right. That he meant for him to compromise with the court, if he could, that his intention was to quash it with the court. It is shown by appellant that he was of good reputation for honesty in the community where he lived. This is a sufficient statement of the case to discuss the question.

The record discloses that the court submitted but one count to the jury; that is, the second count, which relates to a bribe offered to the sheriff to induce him not to file complaint against appellant for the offense of unlawfully carrying on and about his person a pistol. Under the law, the conviction must be referred to this count. Does the evidence sustain this charge? Article 140, Penal Code, provides, "If any person shall bribe or offer to bribe a sheriff, * * * to do any other act not heretofore enumerated, contrary to his duty as an officer, or to omit to do any duty incumbent upon him as an officer, he shall be punished by confinement in the penitentiary not less than two nor more than five years." Article 342, Penal Code, which relates to the offense of unlawfully carrying a pistol, uses this language: "Any person violating any of the provisions of articles 338 and 340 may be arrested without warrant by any peace officer and carried before the nearest justice of the peace for trial; and any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some credible person, shall be punished by fine not exceeding $500." From this article it will be seen that it is the duty of the sheriff to arrest a person without warrant, found or reported by some credible person to him as carrying a pistol, and it is then his duty to carry such person before the nearest justice of the peace for trial. It may be conceded that at the time of appellant's arrest by the sheriff he did not then know that appellant had a pistol, but he was subsequently informed of this fact. Under the authorities he was then authorized to hold him in custody for said offense, though he had arrested him on another charge. Ex parte Richards, 44 Texas Crim. Rep., 561. Having appellant in lawful custody on said charge of carrying a pistol, it was the duty of the sheriff to carry him before a justice of the peace for trial. Now, the charge in the indictment is that he offered him $40 not to report and have papers issued for him (appellant) on account of carrying said pistol. The charge of the court proceeds on the same idea; that is, it postulates before the jury, that if the bribe was offered with the intent and purpose to induce and procure him not to file a complaint against him for unlawfully carying a pistol, on and about his person, to find him guilty, etc. We take it that this language amounts to the same

thing as if the bribe had been offered to him to procure the sheriff not to carry appellant before the nearest justice of the peace for trial. Now the question is, did the proof in this case authorize the court to submit this issue to the jury? Of course, if appellant knowingly and corruptly offered to pay the sheriff a certain amount of money, or to get and pay him money not to do his duty in regard to carrying appellant before the magistrate for trial, he would be guilty. We believe there is testimony in the record tending to prove this. Certainly there are some expressions testified to by the sheriff as coming from appellant which we believe authorized the court to submit this issue to the jury. However, appellant complains that the court in this connection should have defined "wilfully" and "corruptly" which is used in the charge. We do not find in the definition of bribery as contained in the statute the words "wilfully and corruptly," although the court seems to have used these expressions in his charge. He need not have used these expressions, as they are not a part of the definition of the offense. If the offer to bribe was made with intent to procure the officer to fail to discharge his duty, this is sufficient. But we believe that the court should have given at least a portion of the special instruction requested by appellant; that is, to the effect that appellant had the right to talk with the sheriff as to his (defendant's) arrest, and as to the cases that were or might be filed against him, and to intercede with said Carpenter for his clemency and aid in procuring a legal disposition of said charges against him; and to invoke his assistance to get him off as light as possible, and if the jury believed appellant did no more than this to acquit him. If on the contrary, the jury believed appellant knowingly made the offer and with the intent and purpose to induce the officer not to carry him before the justice of the peace for trial on this pistol case, and not to report him on said account, then and in such case only were they authorized to convict him. Appellant's testimony suggested this view of the case. He seems to have been an ignorant negro, though of good reputation in Smith County, where he lived. He testified that he wanted to get out of jail, and wanted to compromise his cases. He seems to have pleaded guilty in both of them on the next day, though as we review the record he was not guilty of any offense in shooting craps at a private residence. Irvin Thompson v. State, decided at the present term. Because we believe that the court committed error in not submitting appellant's theory of defense, the judgment is reversed and the cause remanded.

*Reversed and remanded.*