## TOM CARDEN V. THE STATE.

### No. 1236.  Decided June 7, 1911.

**1.—Bribery—Officer—Evidence—Convict—Pardon.**

Where, upon trial of attempt to bribe an officer, it appeared from the record on appeal that the defendant's counsel, under a misapprehension, were led to believe that a certain witness for the State would not be allowed to testify unless it appeared that he had been pardoned, and defendant's counsel acting thereon had not obtained a certified copy of the conviction of said witness, and offered to prove the same orally which they were not permitted to do; and defendant's motion for new trial set out this matter fully and showed that counsel had not been derelict in obtaining said certificate, a new trial should have been granted.

**2.—Same—Evidence—Other Offenses—Intent.**

Upon trial of attempting to bribe an officer, there was no error in permitting the State to introduce testimony that some months after the original attempt to bribe the officer, defendant had attemped to bribe a juror, in order to show intent of defendant in the first transaction.

**3.—Same—Charge of Court—Other Offenses.**

When evidence of other offenses is admitted to show intent, the jury should be plainly instructed that before they can consider this evidence upon the question of intent, the same must be found to be true.

Appeal from the District Court of Travis.  Tried below before the Hon. George Calhoun.

Appeal from a conviction of an attempt to bribe an officer; penalty, two years confinement in the penitentiary.

The opinion states the case.

*E. T. Moore* and *J. D. Moore,* for appellant.—On question that evidence of other offenses must be found to be true:  Taylor v. State, 50 Texas Crim. Rep., 381, 97 S. W. Rep., 474; Pelton v. State, 60 Texas Crim. Rep., 412, 132 S. W. Rep., 480.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the offense of attempting to bribe an officer, and upon a trial he was convicted and his punishment assessed at two years confinement in the penitentiary.

S. P. Porter testified that when W. P. Carden (a brother of defendant) was placed on trial charged with murder, and he had been instructed to summon additional talesmen, he met defendant in a saloon adjoining the courthouse, who asked him if he had seen Frank Chatman, and upon him replying that he had not, defendant remarked he had given Chatman a list of names to be summoned; that he did not remember all of them, but named three men, and told the deputy sheriff if he would summon them "he would make it all right, and he, the deputy, would not lose anything by it."

The State then proved the witness was a deputy sheriff, and promptly reported the matter, when it rested its case. Defendant introduced the three persons whom the deputy said defendant had requested him to summon, and they all testified they had never been approached about the matter, and knew none of the facts in W. P. Carden's case; that defendant had never spoken to them about the case, and a portion of the testimony of Mr. Porter given when defendant was arraigned for contempt of court. He also introduced Mr. Shelton, who testified he had given a copy of the special venire and instructed him to give to Mr. Chatman. That the names of the men whom defendant requested the deputy to summon were not on the list, and rested his case.

In rebuttal the State offered and was permitted to prove by Mr. Tom Head that at the second trial of W. P. Carden, some months after the above transaction testified to by Mr. Porter, he (Head) was summoned on the jury in the Press Carden case, and while in the courthouse defendant approached him and asked him if he would take a drink, and he drank with him. Defendant then asked him if he was summoned on the jury, and upon the witness stating he was summoned, but he wanted to get off, defendant said, "Go ahead and qualify." Witness demurred, and he said he would be losing by it, when defendant remarked, "Well, you go ahead and qualify and we will see that you don't lose by it." Witness qualified and served on the jury. The jury disagreed on the second trial, being six for acquittal and six for conviction, witness being one of those who were for acquittal. Upon the jury being discharged, witness went to the shop of defendant, and he, defendant, W. P. Carden, and some others procured whisky and drank, W. P. Carden paying for the first bottle and witness paying for the second. Witness then remarked he wanted a "hair-cut," when defendant told the barber to cut witness' hair and charge it to him, defendant.

Defendant objected to the testimony of the witness Head, on the ground that he had been convicted of a felony, and served a term in the penitentiary, and had never received a pardon restoring him to citizenship, and, second, on the ground that it related to a different offense occurring long subsequent to the matter for which defendant was on trial, and at a different place and with a different party, and would not serve to explain the transaction involved in the case on trial, nor the intention of defendant. On the first objection, it appears that when the witness Head was called as a witness, defendant asked that the jury be retired, and when the jury had retired, defendant questioned the witness and elicited that he had served a sentence in the United States penitentiary at Fort Leavenworth, Kansas, and he had never received a pardon. That he had been convicted of the offense of horse theft, and sentenced to a five year term in the penitentiary. The district attorney objected to defendant being permitted to prove these facts by the witness, as the record of conviction was

the best evidence and only evidence that could be introduced to disqualify Head as a witness. The court sustained the objections of the district attorney and stated he would permit the witness to testify, but would permit the defendant to ask the witness such questions for the purpose of affecting his credibility as a witness. Defendant thereupon stated to the court that they had not obtained a certified copy of the judgment of conviction of said Head for said offense, for the following reasons: First, that the attorneys for defendant trying this cause had but recently come into the case, before which time the defendant had been represented by John E. Shelton, who had become disqualified to further appear for the defendant because appointed county attorney of Travis County; second, the present representatives of the defendant had been informed by said Shelton that he had conferred with the court, to wit, the Hon. George Calhoun, as to the witness Head and his competency to testify, and that said Judge Calhoun had informed him (Shelton) that Head had admitted to him (Calhoun) that he had been convicted of horse theft and had been sent to the penitentiary, and that said Shelton understood from his conference with the judge that said witness would not be allowed to testify unless it appeared that he had been pardoned; and, believing that said Shelton had correctly understood the court and that his memory was accurate as to his conversation with the court, they made no effort to obtain any certified copy showing the conviction of said Head, believing that the record would be unnecessary.

In this connection, attached to the motion for a new trial is the affidavit of Mr. Shelton, to wit: "Before me, A. O. Sandbo, notary public, in and for Travis County, Texas, on this day in person came John E. Shelton, known by me and being first duly sworn, deposes and says: That he before his election as county attorney was attorney for T. F. (Tom) Carden in the case in which the said Carden was indicted for bribery or attempt to bribe one S. F. Porter, deponent understanding that T. H. Head would be used as a witness, stated to Judge Geo. Calhoun, the district judge, before whom said case was tried, that deponent would be compelled to secure a copy of the record of the conviction of said Head from the Federal Court, at Oklahoma, in order to show that said witness was an unpardoned federal convict. That said judge stated to deponent that it was his understanding that the State would raise no question that said witness was not an unpardoned federal convict. That deponent repeated said conversation to E. T. Moore, who was employed by said Carden to defend him after deponent had withdrawn from the case."

Judge Calhoun, at the request of the district attorney, places the following statement in the record: "In regard to said statement, I will state that the only conversation that I ever had with Mr. Shelton in regard to said witness Head was at the term of court previous to the term in which the said Carden was tried. What passed between us was as follows: Mr. Shelton stated to me that he would like to

have said case continued until the next term of my court, as he had not been able to get a copy of the record of the conviction of the witness T. H. Head from the Federal Court in the Indian Territory, and he also stated that Head claimed to have been pardoned, and that he wanted to obtain a certificate to show that said Head had never been pardoned, as claimed by him. He further stated that if the case were continued until the next term he would procure said copy of said record by that time, and also the certificate showing that the said Head had never been pardoned, if he could obtain same. I stated to Mr. Shelton that in a contempt proceeding against the said Head in my court the said Head had stated that he had been convicted and sent to the penitentiary, but claimed that he had been pardoned; that, under the circumstances, as I had quite a number of other cases to be tried then pending on my criminal docket, the trial of which would more than take up the balance of the time set aside for my criminal docket, I would continue said cause until the next term to enable the defendant to get the records he desired, and said case was passed over by me until the next term of my court.

"In regard to the statement made by Mr. Shelton, he is mistaken as to what I said to him, as I never at any time stated to Mr. Shelton that it was my understanding that the State would raise no question that said witness Head was not an unpardoned federal convict."

Attached to the motion for a new trial is also a certified copy of the judgment showing that the witness Head was convicted in the United States Court for the Central District of the Indian Territory at the April term, 1904, of a felony and sentenced to five years confinement in the penitentiary, and also the affidavit of the witness Head admitting that he is the person named in such judgment, and that he served the term in the penitentiary he was therein sentenced to serve.

While under the decisions of this court, the court did not err in sustaining the objection made by the district attorney that this fact could not be proven by the witness, yet when in the motion for a new trial the judgment of conviction is presented to the court, and although the court is convinced that Mr. Shelton was mistaken in his understanding of the conversation had with the court, yet if Mr. Shelton, under a mistaken apprehension of the conversation, informed counsel for the defendant that he had such understanding, and it was relied on, when the proof is made that such witness is not such a witness as is qualified to testify under our laws, we are inclined to think a new trial should be granted.

Article 768 of the Code of Criminal Procedure, provides: "All persons are competent to testify in criminal actions except the following: (3) All persons who have been or may be convicted of felony in this State, or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned for the crime of which he was convicted."

If it was the defendant himself who claimed to have misunderstood the court, a different question would be presented. But the person who says he so understood the court, and upon whom defendant had a right to rely, is not the person who is to suffer by such misunderstanding, and this presents the matter in a different view, especially so as it appears that all parties knew at the time the witness was permitted to testify he was an unpardoned convict, and defendant's counsel, later employed, had been derelict through a misapprehension.

As to the second objection, we do not think the objection is tenable. The gist of the offense in this case is, with what intent did defendant use the language to Porter? Porter says defendant told him if he would summon the jurymen named he (defendant) "would make it all right—he would not lose anything." If defendant by the use of such words had no intention to pay Porter anything for summoning the jurymen, no offense was committed. So other transactions of a similar character are admissible to enable the jury to determine the intent of the defendant in using such language.

In the case of Speights v. State, 1 Texas Crim. App., 551, it is held: "Proof of another crime is admissible as direct evidence against the accused where the intent with which the particular act is done may be the gist of the offense," citing Bish. Crim. Proc., sec. 1067, note 4.

In McGlasson v. State, 37 Texas Crim. Rep., 620, this court says: "It has been repeatedly held that evidence of other crimes is admissible to explain the intent with respect to the matter charged against him," citing House v. State, 16 Texas Crim. App., 25; Kelley v. State, 18 Texas Crim. App., 262; Holmes v. State, 20 Texas Crim. App., 509; Alexander v. State, 21 Texas Crim. App., 407; Oliver v. State, 33 Texas Crim. Rep., 541; Whart. Crim. Ev., secs. 31-48.

In Taylor v. State, 81 S. W. Rep., 933, this court holds: "If they (other crimes) serve to illustrate or show system or *make apparent the intent* with which this act was committed, then they are germane and are admissible in evidence," citing Mason v. State, 31 Texas Crim. Rep., 306; Hennessy v. State, 23 Texas Crim. App., 340; Williams v. State, 38 Texas Crim. Rep., 128.

Evidence of other crimes or offenses are not as a general rule admissible, yet there are well recognized exceptions to the rule, these exceptions being fully discussed in McGlasson case, supra, and Pelton v. State, 60 Texas Crim. Rep., 412, 132 S. W. Rep., 480. In this case it was the contention of defendant that nothing improper was meant by the language used, and he had not approached the jurymen he desired summoned, yet the question of this intent was the main issue before the jurymen, and the State should be permitted to prove that he approached others in the same manner, if they were connected with the jury. However, unless the witness Head should be granted a pardon, restoring his citizenship, he would be an incompetent witness to prove any fact.

Appellant insists that if this testimony was admissible on the question of intent, then the court erred. in his charge in not instructing the jury that before they could consider such testimony as bearing on the intent of defendant in the case on trial, they .must believe from the evidence that in the transaction with Head defendant was endeavoring to bribe Head. When evidence of other offenses is admitted in evidence to show intent, etc., this court held in Taylor v. State, 50 Texas Crim. Rep., 380, that the jury should be plainly informed that before they could consider any collateral matters as evidence against a defendant, even bearing upon his intent, motive, etc., those alleged collateral matters must be found to be true, and constitute an offense, and a charge almost in terms of paragraph 8 of the court's charge in this case is condemned. This holding is approved in Pelton v. State, 60 Texas Crim. Rep., 412, 132 S. W. Rep., 480, where it is held that if the. jury should not find that transaction with Head was an attempt to bribe Head, they should be instructed not to consider same for any purpose, but if they believed that such transaction was an attempt to bribe juryman Head, then they could consider same in passing on the intent of defendant in the transaction with Porter, if such facts threw any light on the motive or intent of defendant.

The other matters complained of present no error. For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*