### E. L. STANFORD V. THE STATE.

No. 9364.   Delivered December 16, 1925.

Rehearing denied February 17, 1926.

**1.—Swindling—Bill of Exception—When Incomplete—Not Considered.**

Where a bill of exception on appeal does not within itself disclose all that is necessary to manifest the alleged error, and does not set out enough of the evidence or facts proven to render intelligible the ruling involved it will not be considered by us. Appellant's bills Nos. 2 and 3 fail to measure up to this well established rule and cannot be considered.

**2.—Same—Evidence—Showing Intent—Admissible.**

Where, on a trial for swindling, for giving a check on a bank in which appellant had no funds, he having testified that the check was drawn by mistake, on the wrong bank, without any purpose on his part to swindle, there was no error in permitting evidence to be introduced by the state of other offenses of a similar nature, for the purpose of shedding light on appellant's intent in the transaction under investigation. This rule is well settled in Texas and is no longer open for discussion. Following Crosslin v. State, 90 Tex. Crim. Rep. 467 and other cases cited.

**3.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains that the State was permitted to show that he had been charged with an offense in Floyd County, and his bill of exception fails to show the nature of such offense, no error is presented in such bill.

4.—Same—Impeaching Appellant—Other Offenses—Held, Proper.

Where, on a trial for swindling, the appellant having testified as a witness in his own behalf, there was no error in permitting the state to show on his cross-examination that he had plead guilty once or twice to charges of swindling in the county court. Such offense involves moral turpitude and is admissible as affecting the credibility of the appellant as a witness.

5.—Same—Bill of Exception—Negative Answer—No Error Presented.

Where a bill of exception complains of a question propounded to appellant on cross-examination, which shows the question to have been answered in the negative, it is difficult to discover the injury, if any, complained of.

### ON REHEARING.

6.—Same—Charge of Court—Erroneous—Not Reversible.

On rehearing appellant complains of the charge of the court in using this language, "You are instructed that a person in the eyes of the law is presumed to have intended the legal consequences of his acts." We are not able to discover what application this abstract principle of law bore to the instant case, but in the light of the charge as a whole and the mandate of Art. 666 of 1925, we would not be justified in reversing the judgment for this error in the charge.

7.—Same—Charge of Court—Erroneous—No Requested Charge.

Appellant complains of the charge of the court in his effort to limit the effect of proof of other similar offenses having been committed by appellant. The objections to this part of the charge are well taken, but this being a misdemeanor case the rule is that in order to have the charge of the court reviewed not only must exceptions be taken to the charge as given, but correct special charges must be presented to correct the supposed error. Following Basquez v. State, 56 Tex. Crim. Rep. 329 and other cases cited. Art. 739 Vernon's C. C. P.

Appeal from the County Court of Hale County. Tried below before the Hon. Meade F. Griffin, Judge.

Appeal from a conviction for swindling, a misdemeanor, penalty four months in the county jail.

The opinion states the case.

*Oxford & Oxford* of Plainview, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the County Court of Hale County for the offense of swindling and his punishment assessed at confinement in the county jail for a term of four months.

The offense grew out of the charge that the appellant drew a certain check on the First State Bank of Hale Center and passed same to Carter-Houston, when in the ordinary course of business, the said check would be presented to the said bank appellant did not have sufficient funds in said bank with which to pay said check and had no good reason to believe that said check would be paid, when in the ordinary course of business it would be presented for payment, said appellant representing at the time that said check was good and would be paid.

Appellant seeks to raise the question in his bills of exception two and three of a variance between the check described in the information and that offered in evidence on the trial of the case. Said bills of exception, however, are entirely insufficient to enable us to review the question sought to be presented. Bill No. 2 after stating that the witness Carter identified a certain check as being given him by the appellant then described said check so identified; the bill then proceeds as follows:

"And be it further remembered that the state offered said check in evidence to which the defendant objected because there is a certain part of the description on the check not stated in the information, and because the check offered in evidence is not as described in the information and complaint. And be it remembered that counsel for defendant pointed out to the court, specifically the particulars in which there was a variance at the time he made the objections, which objections were by the court overruled, and the check introduced in evidence, and read, to the jury, and which check was examined by them, to which action of the court in overruling the defendant's objections, and in permitting the state to introduce said check in evidence, the defendant then and there excepted and here and now tenders this his bill of exception No. 2 and asks that the same be examined, signed, approved and ordered filed as part of the record in this case."

Bill No. 3 raises the same question in a different form.

These bills of exception are entirely insufficient to present any question for review. Robbins v. State, 272 S. W. 175 and the authorities there referred to. Our view with reference to what a bill of exception should contain is fully discussed in the above case and each of these bills utterly and wholly fails to comply with any of the requisites stated in the above case. As illustrative, bill of exception No. 2 merely stated that a certain part of the description of the check offered in evidence was not found on the check described in the information. This bill does not attempt to enlighten this court as to what part of

this description was referred to or in any manner enlighten us as to the alleged variance. It has been uniformly held that it is necessary for a bill of exception to be so full that in and of itself it will disclose all that is necessary to manifest the alleged error and that it must contain enough of the evidence or facts proven to render intelligible the ruling involved and that it cannot be aided either by a statement in the motion for a new trial or by the statement of facts. Of course, if a definite portion of the statement of facts is referred to in such manner as to make it practicable for this court to examine such portion without reviewing extraneous matters, such reference would be sufficient, but a mere general reference to the statement of facts is not sufficient and has been so held by the courts. This court will presume that the trial court correctly ruled on matters coming before it unless the contrary is shown, and the burden is on the appellant seeking to have the action of the trial court reviewed to make his bill of exceptions sufficiently clear to enable this court to determine the question presented. In order to do this, it is absolutely incumbent on the appellant to incorporate so much of the evidence in the bill of exception as will verify the truth of his objections. From what has been said, it follows that bills of exception two and three do not present error.

Various complaints are made by bills of exception to the action of the court in permitting the state to show that the appellant had given other checks on banks without having sufficient funds on hand to meet them. In this connection, we deem it proper to state that the appellant testified in his own behalf and the substance of his testimony was to the effect that he had no intention of swindling the prosecuting witness, but that the check was given on the wrong bank through mistake. In view of the appellant's testimony, it was proper to admit evidence of other offense of a similar nature for the purpose of shedding light on appellant's intent in the transaction under investigation. This rule is well settled in Texas, and is no longer open to discussion. Crosslin v. State, 90 Tex. Crim. Rep. 467, 235 S. W. 905; Rosamond v. State, 263 S. W. 297, 249 S. W. 468; Greer v. State, 87 Tex. Crim. Rep. 432, 222 S. W. 986.

Complaint is also made at the court's action in permitting the state to show that appellant had been charged with an offense in Floyd County. The bills fail to show the nature of the offense and there is nothing contained in said bill showing any error.

There is no error manifested by bill No. 6, which complains at the court's action in permitting the state to show by the appellant while on the witness stand that he had plead guilty once or twice to charges of swindling in the county court. It is permissible to impeach a witness by showing that he had been convicted of a felony or misdemeanor involving moral turpitude. Under this well known rule, this testimony was properly admitted.

Bill of exception No. 7 complains of the court's action in permitting the state's attorney to ask the appellant while a witness in his own behalf as to whether or not he paid a fine in Potter County within the last nine months. This bill shows that appellant answered that he had not and it also fails to enlighten this court as to the nature of the offense inquired about. Under these circumstances it is wholly insufficient to show error.

What has been said disposes of all questions presented by appellant and it follows that in our opinion there is no error shown in this record and therefore it is ordered that the judgment of the trial court should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant challenges the statement in our original opinion to the effect that in view of his testimony it was proper to admit evidence of other offenses as throwing light on the intent of appellant at the time he gave the check which is the basis of this prosecution. The proposition of law is conceded to be correct, but it is urged that proof of appellant giving other checks was inadmissible because such proof did not show the commission of other offenses. Appellant testified that the check in qestion was given on the wrong bank by mistake. This was his defense and if true would defeat the state's case. Any competent evidence which tends to defeat the defense urged is admissible. This is true even though it does show or tends to show another offense. Craig v. State, 23 S. W. 1108; Bedford v. State, 170 S. W. 727. We think proof that about the time appellant gave the check upon which the prosecution is based he also gave many other checks on the same

bank which were unpaid tended to defeat his·claim that the particular check was drawn on the bank by mistake. This is true even though proof of giving the other checks may have fallen short of showing the commission' of an offense in drawing them.

Complaint is made in the motion for rehearing that we failed to give attention to certain objections to the court's charge as being upon the weight of the evidence, and in assuming the existence of certain facts to be true which should have been left to the determination of the jury. In response to this renewed contention we have again carefully examined the charge and the exceptions. Of course, there is no way for us to know whether the charge was subject to these criticisms at the time the exceptions to it were presented, if so, it must have been amended to meet the objections mentioned. It does not now appear to be vulnerable to them.

In the charge is a paragraph reading as follows: "You are instructed that a person in the eyes of the law is presumed to have intended the legal consequences of his acts."

To just what issue in the case the learned trial judge thought the instruction quoted had application is left to conjecture. He makes no application of it. We are inclined to agree with counsel for appellant that such instruction was erroneous. However, we have not been able to agree that such error calls for a reversal. Appellant's defense was that he intended to draw the check in question upon the Guaranty State Bank and not against the one on which it was in fact drawn. This issue was fairly submitted. Appellant was further protected by defensive charges telling the jury if they entertained a reasonable doubt whether appellant intended to defraud the party to whom the check was given, or if they had a reasonable doubt whether he had funds in the First State Bank, or a reasonable doubt as to appellant having good reason to believe he would have funds in that bank to pay the check when in the ordinary course of business it was presented for payment, they should acquit him. The particular portion of the charge complained of should not have been given, but we do not think injury to appellant could have resulted from it in view of the charge as a whole. We are commanded by Art. 666, C. C. P. (1925 Revision) not to reverse judgments unless errors in the charge appear from the record calculated to injure the rights of accused.

Exception was reserved to the following instruction:

"You are further charged that you will not find the defend-

ant guilty in this case on the evidence alone of his having given other unpaid checks, but in order to convict defendant you must find him guilty under the provisions of this charge as above set out."

This was evidently an effort on the part of the trial court to limit the purpose for which the jury might consider the evidence of accused giving other checks than the one upon which the prosecution is based. The exception complained that it was too restrictive and did not properly limit the testimony about the other checks. The exception is well taken but no special charge was requested correcting the error complained of. This being a misdemeanor case the rule is that in order to have the charge of the court reviewed not only exception must be taken to it but correct special charge requested to correct the supposed error. Basquez v. State, 56 Tex. Crim. Rep. 329; 119 S. W. 861; Parrocini v. State, 90 Tex. Crim. Rep. 320, 234 S. W. 671; Stevens v. State, 90 Tex. Crim. Rep. 245, 234 S. W. 540. See also authorities collated on page 499, under Article 739, Vernon's C. C. P.

The motion for rehearing is overruled.

*Overruled.*