W. A. (PETE) ENIX v. THE STATE.

No. 11906. Delivered December 19, 1928.
Rehearing denied May 15, 1929.

The opinion states the case. Also see Enix v. State, 299 S. W. 430.

*Dial & Brim* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment confinement in the penitentiary for four years.

The testimony for the state was substantially the same as that detailed in Enix v. State, 299 S. W. 430. On the present trial appellant, as well as his witnesses, testified that appellant was at a place other than the schoolhouse on the occasion of the fire.

Appellant, Roy Harry, Clarence Davidson and others had gone hunting several hours before the schoolhouse was burned. As disclosed by bill of exception Number 2, state's witness Harry testified that during the hunt appellant wanted to go to Joe Minor's house for something to drink; that Harris and the others remained at the Syrup Mill close to the road while appellant went about one hundred yards to Minor's house in search of home brew; that when appellant returned, he stated to Harry and his companions that he got a half a glass or a glass of whiskey at Joe Minor's house. Appellant objected to the foregoing testimony on the ground that it was immaterial, prejudicial and not responsive to any issue in the case, and that the state was being permitted to go into an extraneous matter which was highly prejudicial to appellant. The court overruled the objection and qualified appellant's bill of exception with the statement that the testimony was admitted because of the fact that it was about incidents occurring on the night the offense was committed and was corroborative of the testimony of the accomplice Davidson as to things that occurred on the night the offense was committed. It is further stated in the qualification that several witnesses testified without objection on the part of appellant to the drinking of intoxicating liquor by appellant and his companions on the night in question. As shown on pages 15 and 16 of the statement of facts, the witness Harry testified, without objection by appellant, that he, appellant, and their companions bought an intoxicating liquor on the night in question and that he and appellant drank some of said liquor. Clarence Davidson, state's witness, testified without objection on the part of appellant, as shown on page 45 of the statement of facts, to the purchase and drinking of the intoxicating liquor by appellant and his companions on the night in question. This witness further testified fully, without objection, to the fact that appellant went to Joe Minor's house for the purpose of securing some beer and that upon his return stated to him that Joe Minor had given him, appellant, a glass of whiskey. Thus the very testimony against which objections were urged, as shown by bill of exception Number 2, appears in other parts of the statement of facts from the lips of another state's witness without objection having been interposed by appellant. The erroneous admission of the testimony does not call for a reversal if the same fact is proven by other testimony not objected to. Pyor v. State, 225 S. W. 374; Burgess v. State, 225 S. W. 182. It follows that if the court erred in admitting the testimony, the error is harmless.

Bill of exception Number 3 presents the following occurrence: State's witness Harry testified that he, appellant and others went to the site of Rockdale schoolhouse several hours before Paint Rock schoolhouse burned; that upon their arrival at Rockdale, appellant struck a match, saying, "I will burn it up again"; that Rockdale schoolhouse had theretofore burned down. The bill of exception continues: "The defendant objected to the question as well as the answer sought to be elicited because it was immaterial and irrelevant and leading and suggestive and was undertaking to cast a reflection upon the defendant with reference to burning the schoolhouse and seeking to inject into the trial of this cause extraneous matter and undertaking to get before the jury an independent transaction and offense and was not responsive to any issue in this case. The court overruled the defendant's objection and the state was further permitted to ask the witness where they were going; what direction from where Rockdale schoolhouse was burned they went. The witness stated they went north, the court having withdrawn from the consideration of the jury the statement of the defendant related by the witness, 'I will burn it again', and his striking a match there at Rockdale schoolhouse, and thereafter permitted the state to show that Rockdale schoolhouse had previously been burned over the objection of defendant as set forth * * *." The court qualified the bill by stating that the accomplice Davidson had testified that appellant stated at the time he set fire to the Paint Rock schoolhouse that he was going to burn said building to cover up the burning of Rockdale schoolhouse. The qualification further states that the testimony was admitted to show the motive of appellant.

There are recognized exceptions to the rule that proof of other offenses is inadmissible. "All evidence is relevant which throws, or tends to throw, any light upon the guilt or innocence of the prisoner. And relevant evidence which is introduced to prove any material fact ought not to be rejected merely because it proves, or tends to prove, that at some other time or at the same time the accused has been guilty of some other separate, independent and dissimilar crime. The general rule is well settled that all evidence must be relevant. If evidence is relevant upon the general issue of guilt, or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime, or may establish some collateral and unrelated fact. * * * Thus, the fact that the evidence introduced to prove the motive of the crime for which the accused is on trial points him out as guilty of an in-

dependent and totally dissimilar offense is not enough to bring about its rejection if it is otherwise competent." Underhill's Criminal Evidence, Third Edition, Section 154. Proof of extraneous crimes or disconnected transactions between which and the act under investigation no logical connection is shown should not be permitted. Branch's Annotated Penal Code, Section 1882. We find nothing in the bill of exception negativing the fact that motive was an issue and that there was a logical connection between the burning of Rockdale and Paint Rock schoolhouses. On the contrary, the qualification of the bill indicates that motive was an issue and that the testimony complained of was admitted to show motive. Moreover, a state's witness stated, without objection on appellant's part, that appellant said at the time he set fire to the building that he was burning it to cover up the burning of Rockdale schoolhouse. The statement of the grounds of objection in the bill is not a certificate that the facts which form the basis of the objection are true. The bill failing to show otherwise, we must indulge the presumption that the ruling of the trial court was correct. Enix v. State, 299 S. W. 430.

Our discussion of the foregoing bill of exception applies with equal force to bills 5, 10 and 11. The bills mentioned fail to manifest reversible error.

The argument of the district attorney set forth in bill of exception Number 13 was promptly withdrawn from the consideration of the jury. Giving due consideration to the character of such argument, we are of the opinion that its withdrawal operated to save appellant from injury, and that reversible error is not shown.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion the correctness of the announcement in the original opinion is challenged. Complaint is also made of the failure to specifically state the court's conclusions with reference to certain criticisms of the charge of the court. In this connection it is claimed that the charge on accomplice testimony was incomplete.

In the charge we find two paragraphs (Nos. 6 and 7) touching the subject of accomplice testimony. Paragraph 6 is somewhat abstract. Paragraph 7 is comprehensive and so far as we are able to judge is in accord with the precedents. It adequately instructed the jury upon the law of accomplice testimony specifically meeting the complaint that the court failed to embrace a statement that the testimony must be believed by the jury, beyond a reasonable doubt, to be true. The charge is materially different from that under consideration in Barrett v. State, 115 S. W. Rep. 1187, wherein the charge carried the intimation that a conviction might rest upon the testimony of an accomplice alone.

The contention that the charge does not adequately submit the issue of alibi is we think adequately met by paragraphs 9 and 10 of the charge where that issue is submitted in language which fully meets all of the requirements of the law and the precedents.

The original opinion is regarded as properly disposing of the matters discussed therein. The motion is overruled.

*Overruled.*