CLYDE THOMPSON v. THE STATE.

No. 13567.   Delivered October 15, 1930.
Rehearing denied December 3, 1930.
Reported in 34 S. W. (2d) 250.

The opinion states the case.

*J. R. Stubblefield* of Eastland and *J. Lee Cearley* of Cisco, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—The offense is murder; the penalty death.

A former appeal of this case is reported in 19 S. W. (2nd) 316. A companion case, Davis v. State, is reported in 26 S. W. (2nd) 649. The facts sufficiently appear with the various law points discussed.

Present with appellant at the time of the killing and participating in same were Thomas and Woodrow Davis. Respecting the latter witness the Court instructed the jury:

"You are instructed that Woodrow Davis is an accomplice. Now you cannot convict the defendant upon his testimony alone, unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony tending to connect the defendant with the offense committed, if you find that an offense was committed and the corroboration is not sufficient if it merely shows the commission of the offense."

The charge on accomplice testimony was criticized on the former appeal of this case and is again under attack. It will be observed that the charge herein, of which the above is a quotation in part, is different from the former charge in that a conviction is authorized only if the testimony of the accomplice is true and shows that the defendant is guilty as charged, whereas in the former charge a conviction was authorized if the accomplice testimony "connects the defendant with the offense charged." The change in the charge

corrected the principal error therein but leaves present the word "alone," the use of which in an accomplice charge has been many times criticized. The presence of this word in such a charge will not work a reversal in those cases where the testimony of the accomplice shows the commission of a complete offense by the accused without the aid of any other evidence and which, if believed, would show his guilt beyond a reasonable doubt. In this case there could be no question about the testimony of Woodrow Davis sufficiently fulfilling the above requirement, or the sufficiency of the corroborating testimony. Under this state of the record no reversible error is shown. Abbot v. State, 94 Tex. Crim. Rep. 36; Leahy v. State, 13 S. W. (2nd) 878, and authorities there cited.

It is urged that the following portion of the Court's charge was upon the weight of the evidence:

"Testimony has been introduced in this case tending to show, if it does, the shooting and killing of Leon Shook, the burglary of A. L. Shook's house, theft of personal property from A. L. Shook's house, robbery of A. L. Shook and Leon Shook by the use of firearms, and the entering into a conspiracy to commit robbery by the use of firearms. I charge you that said testimony was introduced as a part of the res gestae; if you consider the same at all it can be considered by you only as it may or may not show the motive, if any, with which the defendant acted, if he did, in the shooting and killing of A. L. Shook, if he did, and you cannot convict the defendant for any other offense if any than that of killing A. L. Shook, if you should find from the evidence beyond a reasonable doubt that he did so."

We do not regard the form of this charge as subject to the criticism made. Proof of the facts mentioned in said paragraph was part of the res gestae of the offense and clearly admissible to prove motive. While it ordinarily is not necessary to limit testimony which goes to prove one of the main issues in a case, it is not error to do so where it could not operate to injure appellant. The charge was intended to benefit appellant and being on trial for the murder of A. L. Shook, he was perhaps entitled to a charge that he could not be convicted for the murder of Leon Shook. The question of the propriety of such a charge is discussed exhaustively in the case of Lawrence v. State, 18 S. W. (2nd) 181, where the authorities are collated and where the law question at issue was decided adversely to the appellant's contention herein.

Many bills of exception appear to the arguments of the attorneys representing the State. Of these we regard the following as presenting the closest question:

"You have seen the juries give the defendants 99 years. I challenge you to point to a single one of these defendants who is now in the penitentiary to-day. They are not there. This arch enemy of all the ages would not remain in the penitentiary."

This argument was improper. However the Court gave a written instruction to disregard the same and it affirmatively appears that no exception was taken to the argument at the time it was made. The gravity of the penalty has caused us to consider this, though perhaps insufficiently presented. The Court did all he was asked to do. There is no showing made that the jurors hearing this argument were themselves in possession of such facts as would have made this more than ordinarily prejudicial. There are some references in the motion for new trial to prior escapes of convicted men, but if any of the jurors were aware of this, the record fails to show it. We do not regard this argument as of that prejudicial character about which it could be said that a written instruction would fail to cure it. In view of the action of the court in instructing the jury to disregard this, we are of the opinion that the bill does not present reversible error. Kennedy v. State, 19 Tex. Crim. App. 634; Branch's P. C., Sec. 362.

We are asked to reverse this case because of the existence of such prejudice in Eastland County as would make impossible a fair trial for appellant. In support of the allegation in his motion for new trial respecting such matter, there is attached newspaper accounts of the lynching in Eastland of an accused then under death sentence. It is further therein averred that nobody had been indicted for such unlawful act. Other matters are set out not necessary to here detail. All of this was presented for the first time on motion for new trial. No application for a change of venue was ever made by appellant. It is so manifest under the statute and authorities that this question is not properly presented here that we feel it would be a useless consumption of time and space to discuss it. A reversal upon the ground urged would be without authority of law. The matters therein suggested might with more propriety be addressed to the Executive Department of the government. The Judicial Department could not give the accused relief under the recited circumstances without the embezzlement of power clearly lodged by the Constitution elsewhere. We are hedged about by

exact rules of law, sometimes contemptuously referred to as "technicalities," which under our oath we must follow and which perhaps more often operate in this Court in favor of the State than they do the accused.

The grave penalty assessed against a youth for his first offense whom the testimony shows is of a low order of mentality and who had theretofore borne a good reputation, has given us much concern. We have patiently and carefully examined all of the various contentions of appellant and believing that our duty under the law compels us to order an affirmance of this judgment, it is accordingly so done.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This court will reverse judgments of conviction for improper arguments of State's attorneys. In such case, however, not only must the error of such argument appear but also, unless the hurt of same be remediless by means which might be invoked by the accused by prompt and proper action,— the record must show that the defense did not cause or contribute to such argument, but on the contrary made prompt objection to same. In his motion for rehearing herein appellant complains of our saying, regarding his objection to certain argument of the State, that appellant did not except to the argument. In this connection attention is called by us to the fact that in the motion appellant further sets out a number of special charges which were asked, and all of which were given, telling the jury not to consider certain things said in argument by the State, the complaint now apparently being that regardless of the fact that the court instructed the jury in each instance not to consider the argument, that it was necessarily hurtful. None of said special charges, as they appear in the record, contain any notation of exception or any showing that there was objection made to the several arguments complained of, when made. Each bill of exception reserved to the said several arguments contains the statement "To which argument defendant's counsel at the time and in open court excepted," and requested the court, etc. Each of these bills is qualified by the trial court who says, in regard to each, that the defendant did not except at the time, and

that the first intimation the court had that there would be any exception, was when the motion for new trial was filed. This raises a question.

In the case of Smith v. State, 104 Texas Crim. Rep. 616, this court held that an objection and exception to the argument of a private prosecuting attorney was not sufficient to show error when the exception was not taken during the argument and at the time it was made. We have referred to the matter at this length that the correct practice in such cases be called to the attention of the profession.

We have given to each of the complaints of these arguments our attention and do not believe any of them put before the jury any fact outside the record, nor that any of them are of such obviously abusive character as to cause this court to reverse this judgment because of the use of such arguments.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.

### ON APPELLANT'S REQUEST FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has presented a request for leave to file a second motion for rehearing in which he suggests that there may be some conflict in the opinion on rehearing and the original opinion. The language in the opinion on rehearing giving rise to this suggestion has been eliminated therefrom.

Appellant's request for leave to file the second motion is denied.

*Denied.*