VAN TURMAN v. THE STATE.

No. 15411.   Delivered February 1, 1933.
Reported in 56 S. W. (2d) 881.

The opinion states the case.

*John A. Erhard,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Theft of an automobile is the offense; punishment, three years in the penitentiary.

The state introduced in evidence the following facts: E. L. Steck, who lived at Mart in McLennan county, Texas, owned a 1930 model, four-door Ford sedan, the engine number of which was 3,148,142. This automobile was stolen from his garage in Mart, Texas, on or about the 21st day of April, 1931. On or about the 22nd or 23rd day of April, 1931, the state proved that the appellant sold a four-door Ford sedan, 1930 model, to J. L. McMurtry. The sale took place in Breckenridge, Stephens county, Texas. This automobile had a highway license number, A.38,403, on it, and the engine or motor number of said car appeared to be 2,689,346 when sold to McMurtry. Appellant executed the bill of sale in blank and delivered it, together with a receipt for duplicate plates dated 4-13-31, and a purported transfer of said automobile from Charles Catrone to appellant dated 4-13-31. McMurtry afterwards sold the same car on or about May 27, 1931, to one L. L. Davidson of the Street Motor Company of Graham, Texas, and delivered the bill of sale executed in blank by appellant, together with the other two instruments which were delivered to McMurtry by the appellant. On the same day said car was sold by the said Davidson to one Jim Robinson, of Graham, Young county, Texas. The transfer given by the appellant for the transfer of said automobile from Catrone to the appellant shows that it had been transferred by the tax collector of Brazos county, and the duplicate plates were also obtained from the tax collector of Brazos county.

E. L. Steck, the person who lost said car, testified that he afterwards received his car back, and he positively identified it as being his car; that he could identify it not only by its looks and the color it was painted, but that it also had a few marks of identification when he recovered it; they were on it when it disappeared; that they were some paint marks.

The witness Edward A. Gormley testified that he had occasion to investigate with reference to the loss of an automobile by E. L. Steck about the 21st day of April, 1931, and he found

the car at Graham, Texas; that he investigated the numbers on the motor and the secret numbers on the frame; that he had been around where automobiles were manufactured and was familiar with the manner in which the motor numbers were put on the block of the Ford automobile, Model 1930, and with the way the secret numbers are put on those cars; that the secret numbers are placed on the frame and correspond with the motor number. When he examined this car at Graham, Texas, John McMurtry was with him, and the number that was on the motor was 2,689,346, and the secret number was 3,148,142. He further testified that the cars are assembled and numbered at the factory, and the secret numbers are put on them at the assembly plant when assembled, after the motor is put on the frame that it is to be used in. When he examined the car at Graham, he was able to tell that the motor number had been hammered off and a new number put on.

The state also offered in evidence a purported certificate of transfer issued by the tax collector of Hill county, recognizing a transfer of a Ford sedan bearing the motor number, 2,689,-346, being the same as the engine number of the car sold by the appellant to McMurtry; the said transfer showing to have been made on April 24, 1931. The state also introduced in evidence the transfer certificate of the county tax collector in Hill county, showing that on April 6, 1931, he had recognized the transfer of the same automobile from Charles Catrone to the appellant; said papers being delivered by the appellant to the Hubbard Motor Company at the time of the sale to them of said car.

Appellant excepted to the court's charge on the ground that th charge does not present properly the defense of the appellant as raised by the evidence; that is, the defense of ownership and purchase in good faith, and further that the charge did not present the question of the variance; that, if the state did not prove the purchase by John McMurtry to be of the same car owned by the witness E. L. Steck, that the jury should find the defendant not guilty. There was no dispute so far as the evidence was concerned or denial of the fact that the car sold by the appellant to J. L. McMurtry was the same car that was stolen from the witness E. L. Steck. The court in his main charge instructed the jury as follows: "You are instructed if you believe from the evidence that the automobile which the defendant sold to John McMurtry, as testified about in this case, was purchased by the defendant from some party, and the said purchase was in good faith, that then it would be your duty

to find the defendant not guilty, or if you have a reasonable doubt whether such are the facts in the case, you will find the defendant not guilty."

We do not think said charge was upon the weight of the evidence, and the charge properly presented the defense presented by the appellant's evidence. There was no charge requested by appellant upon this issue. The appellant did not testify as a witness in his own behalf, and the only evidence offered by him was evidence seeking to establish an alibi.

Appellant also objected to all the testimony pertaining to the sale by the appellant to the Hubbard Motor Company on the 24th day of April, 1931, of a four-door automobile, 1930 model, bearing the same engine number as that shown to be the engine number of the four-door Ford sedan, 1930 model, sold to J. L. McMurtry, because it was a transaction between the appellant and a third party not relating to the case at bar and not admissible, for the further reason that it was an effort to impeach him by a separate transaction. The record shows that the state had offered in evidence a purported transfer from Charles Catrone to the appellant of a four-door Ford sedan, 1930 model, of the same engine number as that sold to the witness McMurtry by the appellant. Had this evidence been offered by appellant, it would raise the question of an explanation of the possession of recently stolen property, a defensive issue. See Hunt v. State 89 Texas Crim. Rep., 89, 229 S. W., 869. The contention of the state evidently was that the automobile sold to the witness McMurtry by appellant was not the automobile claimed to have been transferred by Catrone to appellant, because the certificate of transfer, the admission of which is complained of, is dated prior to the time the witness Steck lost his automobile. Upon this issue, we think the evidence complained of was admissible. The undisputed evidence was to the effect that the car sold by appellant to the Hubbard Motor Company on April 13, 1931, was a 1930 Ford sedan, and the engine number was identical as that of the Ford sedan sold by appellant to the witness McMurtry on the 22d or 23d day of April, 1931, with the exception that the original motor number on the sedan sold to McMurtry had been hammered off and new numbers put on. We do not understand from the record that the state contended or attempted to prove that the car sold to the Hubbard Motor Company was a stolen car, but its contention was that, if Catrone sold appellant a Ford sedan, it was the sedan sold by appellant to the Hubbard Motor Company and not the stolen car of the witness Steck.

The state relied upon circumstantial evidence to convict the appellant. If evidence is relevant upon the general issue of guilt or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime or may establish some collateral and unrelated facts. Underhill's Criminal Evidence, sec. 154.

Appellant also contends that the evidence is insufficient to support the verdict. A careful consideration of all the evidence leads us to the belief that the evidence, although circumstantial, is sufficient to support the conviction. There are other bills of exception appearing in the record. We have carefully examined all of appellant's contentions as presented by said bills, and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.